IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES J. KAUFMAN,

                                      OPINION and ORDER

                  Plaintiff,

                                     11-cv-168-bbc

        v.

JEFFREY PUGH, CRAIG W. LINDGREN,
SANDRA COOPER, TERRY SHUK,
ISMAEL OZANNE, CAROL GARCEAU,
MARC W. CLEMENTS, OFFICER O'CONNELL
and RANDALL HEPP,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
-

      Defendants removed this prisoner civil rights case from the Circuit Court for Chippewa County, Wisconsin pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff brings claims arising under the First Amendment, the Religious Land Use and Institutionalized Persons Act and provisions of the Wisconsin Administrative Code. Plaintiff's motions to remand are now before the court. Dkt. ##4 and 5.

      Plaintiff argues that this action should be remanded to state court because some of his claims are state law claims for violations of the Wisconsin Administrative Code. Plaintiff

misunderstands how removal jurisdiction operates; once the case was removed, this court has original jurisdiction over the federal law claims and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims.  <u>Chicago v. International College of Surgeons</u>, 522 U.S. 156, 165 (1997) (federal law claims in an action "suffice to make the actions 'civil actions' within the 'original jurisdiction' of the district courts . . . . Nothing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the plaintiff's] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'") Accordingly, I will deny plaintiff's motions for remand.

Because the complaint has been properly removed to this court, I must screen plaintiff's allegations under 28 U.S.C. § 1915A.  In doing so, I conclude that plaintiff's claims cannot be joined in one lawsuit, and defendants must be given the opportunity to decide which claims it wishes to defend in this court, and then pay the appropriate filing fees.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

A. <u>Restrictions on Religious Activities/Publications</u>

Plaintiff James Kaufman was transferred to the Stanley Correctional Institution on

September 17, 2009.  On October 22, 2009, plaintiff submitted a request for a religious study group for inmates who are atheist.  Defendants Craig Lindgren, the chaplain, and Marc Clements, the deputy warden, recommended denial of the request because they did not view it as a "religious" request.  The request was denied by defendant Warden Jeffrey Pugh. Plaintiff filed an inmate complaint and appealed it all the way to defendant Ismael Ozanne, the deputy secretary of the Wisconsin Department of Corrections.  Ozanne dismissed the appeal.

On November 13, 2009, plaintiff submitted a "Request for Religious Emblem" form, requesting a "Knowledge Thought Ring," which is a sterling silver ring engraved with the word "knowledge," as a symbol of his Atheist belief system.  Defendant Lindgren denied the request, stating, "There is no Atheist Emblem in Religious IMP."  Plaintiff filed an inmate complaint and appealed it to defendant Acting Warden Randall Hepp, who dismissed the appeal.

On December 24, 2009, plaintiff filed a second request for an atheist study group. Defendants Lindgren and Carol Garceau, a program director, recommended denial of the request because it was not religious in nature, and the request was denied by defendant Pugh. Plaintiff filed an inmate complaint and appealed it all the way to defendant Ozanne, who dismissed the appeal.

Since September 2009, plaintiff has either donated or arranged for the donation of

3

"a number" of atheist books.  Plaintiff sent written requests to Library Assistant Peterson as well as defendants Lindgren, Shuk and Cooper.  Each of them responded by saying that donated books become the prison's property for use deemed appropriate by prison staff.  No one told plaintiff what happened to the books.

## B.  Denial of Non-Religious Materials

On December 11, 2009, defendant Officer O'Connell called plaintiff to the prison's property department and told him that plaintiff had been sent "postcards."  O'Connell showed plaintiff the items, which were 22 loose greeting cards and two bound books.  O'Connell said that postcards were not allowed, and that the items had not come from a vendor.  Plaintiff and O'Connell argued about whether the items had come from a proper vendor.  O'Connell stated that even if they had come from a proper vendor, the postcards would not be allowed.  Plaintiff said that the items were not postcards, but rather bound books.  O'Connell ripped one of the pages out of a book and said, "See, the postcards come out."

On December 16, 2009, plaintiff submitted written requests to defendants Property Sergeant Terry Shuk and Property Captain Sandra Cooper, detailing what occurred.  Neither of them responded to plaintiff's requests.  On December 21, 2009, plaintiff filed an inmate complaint about the denial of these items.   The institution complaint examiner

4

recommended dismissal of the complaint, stating that postcards were not allowed, and that the items were in violation of department rules because they contained nudity. Plaintiff appealed to defendant Pugh and then defendant Ozanne, but they dismissed his appeals. Defendants applied department rules to these items incorrectly; there was only limited male nudity contained in a handful of the pictures, and none of them depicted any sexually explicit activity.

On January 14, 2010, plaintiff submitted a request to the institution complaint examiner asking, "Why can we receive greeting cards sent by family in the mail, but not the exact same thing sent by a vendor? If it's the exact same card, where's the 'security' risk?" The institution complaint examiner replied, "You can not receive unsigned greeting cards from family. They can only be approved through an approved vendor." On January 15, 2010, Kaufman sent a request to the mailroom, asking, "If we have a postcard or greeting card sent in, is that allowed?" Defendant Shuk responded, "Allowed only if they are signed and addressed to you."

DISCUSSION

As the Court of Appeals for the Seventh Circuit has emphasized, district courts have an independent duty to apply the permissive joinder rule stated in Fed. R. Civ. P. 20 to prevent improperly joined parties from proceeding in a single case. George v. Smith, 507

F.3d 605, 607 (7th Cir. 2007) (complaint raising unrelated issues against different defendants "should be rejected" by district court in accordance with Rule 20); see also Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004) ("district courts must accept complaints filed by multiple prisoners *if the criteria of permissive joinder* are satisfied") (emphasis added); Fed. R. Civ. P. 21 (at any time, on its own motion, court may add or drop a party or sever claim against party).  Rule 20 prohibits plaintiffs from joining together to file one action unless their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action."  In addition, Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  George, 507 F.3d at 607; 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed. 1978).

Only after the requirements for joinder of parties have been satisfied under Rule 20 may a plaintiff use Fed. R. Civ. P. 18 to join any unrelated claims against the multiple defendants or any combination of them.  Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).  In other words, only once the core set of allowable defendants has been

6

determined under Rule 20 may a plaintiff join additional unrelated claims against one or more of those defendants under Rule 18.

Plaintiff in this case asserts separate claims against different "core groups" of defendants for different incidents. I understand plaintiff to be bringing the following claims:

1. Defendants Jeffrey Pugh, Craig Lindgren, Carol Garceau, Marc Clements, and Ismael Ozanne denied plaintiff's requests to form a study group for inmates who are atheists, in violation of the First Amendment, Fourteenth Amendment, RLUIPA and various sections of the Wisconsin Administrative Code and Stanley Correctional Institution policies.

2. Defendants Lindgren and Randall Hepp denied plaintiff's request for a "Knowledge Thought Ring," a religious emblem, in violation of the First Amendment, Fourteenth Amendment, RLUIPA and various sections of the Wisconsin Administrative Code.

3. Defendants Lindgren, Terry Shuk and Sandra Cooper refused to make atheist books donated by plaintiff available to the inmates at the Stanley prison library, in violation of the First Amendment, Fourteenth Amendment, RLUIPA and various sections of the Wisconsin Administrative Code.

4. Defendants Officer O'Connell, Shuk, Cooper, Pugh and Ozanne violated the First Amendment, the Wisconsin Administrative Code and Department of Corrections internal management procedures by denying plaintiff possession of greeting cards and books of postcards on the grounds that they were pornographic and against rules forbidding postcards.

Under Rule 20, the first three claims, alleging that defendants repeatedly denied plaintiff's requests for a religious study group and religious items and books, can be joined into one lawsuit. The fourth claim, regarding plaintiff's non-religious materials, must be severed into a separate lawsuit; it cannot be joined with the first three claims under Rule 20

because it does not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as the first three claims.  Nor can these claims be joined under Rule 18, because not all of the defendants in the fourth claim are the same as those in the first three claims.  That lawsuit will be assigned case no. 11-cv-421-bbc.

Under 28 U.S.C. § 1914(a), a filing fee is required for each civil action, as explained in Boriboune, 391 F.3d at 856, whether the case is instituted "by original process, removal or *otherwise*." § 1914(a) (emphasis added).  Although defendants paid a filing fee upon removal, this fee applies only to one of the two lawsuits; the other case has been "instituted" by way of severance and defendants, who brought this case to federal court, must pay the cost to have the severed case filed.

Because a defendant removing a multi-claim, multi-party lawsuit to federal court may not be able to anticipate the results of a court's Rule 20 analysis, it would be unfair to impose the additional filing fee on defendants without first allowing them an opportunity to decline to proceed in federal court with both cases.  Thus, defendants will be given an opportunity to choose to which of the two lawsuits they want to apply the filing fee they have already paid.  Also they may choose whether to proceed in the other lawsuit by paying another $350 filing fee.  If defendants choose to proceed on only one case, the other case will be remanded to state court.

8

THREE-STRIKE STATUS

There is a final issue.  In at least one previous case, this court has informed plaintiff that he has "struck out" under 28 U.S.C. § 1915(g) by filing at three cases that contained claims that were legally frivolous.  <u>Kaufman v. Raemisch</u>, no. 09-cv-300-bbc (W.D. Wis. July 17, 2009).  Plaintiff has submitted a letter inquiring about the number of strikes he has in light of <u>Turley v. Gaetz</u>, 625 F.3d 1005, 1012 (7th Cir. 2010), in which the Court of Appeals for the Seventh Circuit held that "a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)," such as failure to state a claim upon which relief can be granted, rather than when only one claim out of several is dismissed under § 1915(g).  (Emphasis added.)  (I note that § 1915(g) does not apply in this case because defendants have paid the filing fee by removing it.)

In <u>Kaufman v. Raemisch</u>, I stated that plaintiff had received strikes in the following cases: <u>Kaufman v. Schneiter</u>, no. 07-C-45-C (Feb. 15, 2007); <u>Kaufman v. Frank</u>, no. 06-C-205-C (W.D. Wis. July 13, 2006); and <u>Kaufman v. Smith</u>, no. 00-C-1379-C (E.D. Wis. Sept. 21, 2001).  However, under <u>Turley</u>, courts in this circuit should no longer recognize any of these strikes because only some of plaintiff's claims in those cases were dismissed under § 1915(g).  Because plaintiff has no strikes, he will no longer be barred from proceeding <u>in forma pauperis</u> in future cases.

9

ORDER

IT IS ORDERED that

1.  Plaintiff James Kaufman's motions to remand this case to state court, dkt. ##4 & 5, are DENIED.

2.  Plaintiff's claim that defendants Officer O'Connell, Terry Shuk, Sandra Cooper, Jeffrey Pugh and Ismael Ozanne violated the First Amendment, the Wisconsin Administrative Code and Department of Corrections internal management procedures by denying plaintiff possession of greeting cards and books of postcards is SEVERED in accordance with Fed. R. Civ. P. 20 and assigned case no. 11-cv-421-bbc.

3.  Defendants may have until June 27, 2011, to identify which separately numbered lawsuit identified in the body of this opinion should be assigned the $350 filing fee that they have already paid to the court.

4.  Defendants may have until June 27, 2011, to inform the court whether it wishes to defend the lawsuit to which they did not assign the $350 filing fee that they have already paid.  Should they choose to defend the other lawsuit, they will owe a separate $350 filing fee, which they must pay in full no later than June 27, 2011.  The payment may be submitted by a check or money order made payable to the clerk of court.

5.  Should defendants choose not to defend one of the lawsuits in federal court, I will remand that lawsuit to state court.  In that instance, they will not owe a filing fee for the

remanded action.

Entered this 14th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge